SUMMARY ORDER
Plaintiffs sued defendants Ericsson LM Telephone Company (“Ericsson”), Carl-Henric Svanberg, and Karl-Henrik Sund-strom for securities fraud under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, alleging that defendants made false and misleading statements during an investors’ conference hosted by Ericsson on September 11, 2007. Plaintiffs now appeal the dismissal of their complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), a ruling we review de novo, accepting all allegations in the complaint as true and drawing all reasonable inferences in favor of plaintiffs. See Vietnam Ass’n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir.2008). We assume the parties’ familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.
Plaintiffs argue that the district court erred in concluding that they failed to plead facts sufficient to demonstrate false or misleading statements. Plaintiffs focus on statements made by Ericsson’s CEO, Carl-Henric Svanberg, during the analysts’ and investors’ conference, which they contend conveyed the impression that third-quarter results would be only slightly down from second-quarter results when Svanberg knew that the results would be disastrously worse. We disagree. Plaintiffs’ analysis focuses on individual statements taken out of context. When the defendants’ statements are considered in light of analysts’ questions and are taken in the context of the full discussion, we find that the statements were not misleading. Even clearer, however, is that the district court correctly ruled that the complaint failed to plead scienter, as required.
Under the heightened pleading requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, a complaint must state with particularity facts supporting a strong inference that defendants acted with “a mental state embracing intent to deceive, manipulate, or defraud,” Ernst & Ernst v. Hochfelder, 425 U.S. 185, 193 n. 12, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976), or with “will *765 ful or reckless disregard for the truth,” Lanza v. Drexel & Co., 479 F.2d 1277, 1306 (2d Cir.1973). To survive a motion to dismiss, the inference of such scienter must be more than “merely reasonable or permissible — it must be cogent and compelling.” Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 324, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007) (internal quotation marks omitted).
Plaintiffs do not purport to satisfy the scienter standard by alleging that the defendants intended to deceive; them allegation is rather that the defendants spoke with reckless disregard for the truth. The complaint, however, fails to allege facts supporting a compelling inference of recklessness.
To support such an inference, the complaint relies on nothing more than the asserted inaccuracy of the defendants’ statements. Where the allegation of recklessness is supported by nothing other than the fact of inaccuracy, and the statements are, at worst, only slightly inaccurate, the inference of reckless disregard for the truth is not likely to be compelling. As noted above, plaintiffs’ argument that Svanberg’s statements were inaccurate depends largely on viewing the statements in isolation and out of context. The statements were made in the context of an informal back-and-forth with analysts— partially in response to questions that were themselves imprecise and potentially ambiguous. We have found that they were not misleading. Even if we were mistaken in that conclusion, when the statements are viewed in the context of the questions asked and of the information that the defendants provided alongside their assailed descriptive language, the inference of falsity is tenuous at most, and the inference of recklessness to be drawn therefrom is not compelling. Because the complaint does not paint a picture of “extreme departure from the standards of ordinary care,” Novak v. Kasaks, 216 F.3d 300, 308 (2d Cir.2000) (internal quotation marks omitted), it was properly dismissed for lack of scienter.
We have considered plaintiffs’ remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.